## ARNOLD WILLINGHAM v. STATE.

No. A-6046.  Opinion Filed March 28, 1928.
(265 Pac. 772.)

Grigsby v. Grigsby, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted, and in accordance with the verdict of the jury was sentenced to pay a fine of $50, and to be confined in the county jail for 30 days, on an information charging that the defendant unlawfully and willfully transported and conveyed intoxicating liquor, to wit, about two pints of whisky containing more than one-half of 1 per cent. of alcohol, measured by volume, capable of being used as a beverage, from a point unknown to affiant to a point on the public highway section line north of the town of Noble, in Cleveland county, Okla.

The defendant has assigned seven errors alleged to have been committed by the court in the trial of the case. It appears from the evidence that the defendant and some other parties were found by the sheriff and a deputy, on the public highway, and that the defendant showed evidence of intoxication; that on the seat of the car in which the defendant and his companions were in control was a pint bottle of whisky. After this whisky had been recovered by the sheriff they looked into the back part of the car and found some more whisky, or some kind of compound. They arrested the defendant and took him to town. The testimony in behalf of the defendant was that while he stopped on the highway to fix a tire on the car a man came along and stopped, and they bought the whisky or compound from the man who stopped, and they did not transport it any distance. This, in substance, is the testimony.

It is urged by the defendant that his motion for a new trial should have been sustained, and that the court committed errors in refusing to give certain instructions requested by the defendant, and refusing to sustain the

defendant's motion to suppress the evidence, and in overruling defendant's objection to the introduction of certain evidence, and in overruling defendant's motion for an instructed verdict of not guilty.

The only conflict in the evidence of the state and defendant is the conflict as to whether or not the defendant had transported the liquors found in his possession. After hearing the testimony of the witnesses and instructions of the court, the jury found the defendant guilty of transporting liquors. Where there is any credible evidence to warrant a jury in finding a verdict of guilty, even though the evidence is conflicting, this court will not disturb the verdict. Finding no prejudicial errors in the record affecting the substantial rights of the defendant, the judgment is affirmed.

DOYLE, P. J., concurs.

EDWARDS, J., not participating.